IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2175-FL

| | | |
|---|---|---|
| JOHN EDWARD BUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DENNIS DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is before the court for an initial review pursuant to Rule 4 of the Rules Governing § 2254 cases in the United States District Courts. Also before the court are petitioner's motion to file grievances (DE 6), motion to be transferred to minimum custody and for a "MAPP" (DE 8), motions for trial (DE 10, 12, 13, 14), and motion to expedite (DE 11).

The court begins with its initial review of petitioner's petition for a writ of habeas corpus challenging his first-degree murder conviction. Court records indicate that petitioner previously filed several petitions seeking habeas relief pursuant to § 2254. See Butler v. Smith, No. 5:01-HC-995-BO (dismissed, April 2, 2002). The Antiterrorism and Effective Death Penalty Act bars a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

Before a second or successive application for habeas relief may be filed in the district court, an applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). Petitioner has not received authorization to file this second or successive action from the Fourth Circuit. Thus, this court does not have jurisdiction to review the matters set forth in the current petition until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly, petitioner's habeas claims challenging his first-degree murder conviction are DISMISSED without prejudice to allow him to seek authorization from the Fourth Circuit.

The court next addresses petitioner's motion asserting that prison officials refuse to consider him for participation in the Mutual Agreement Parole Program ("MAPP") or for minimum custody in violation of his rights to due process pursuant to the Fourteenth Amendment to the United States Constitution. The court construes petitioner's motion as a motion to amend, and GRANTS petitioner's motion. See Fed. R. Civ. P. 15(a). The court ALLOWS petitioner to proceed with these claims.[1]

---

[1] The court expresses no opinion as to whether petitioner's action should be brought pursuant to 28 U.S.C. § 2254 or § 2241.

As for petitioner's motion seeking a court order directing prison officials to permit him to file a grievance, inmates have no constitutional right to a grievance process. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994). Thus, petitioner's motion is DENIED.

As for petitioner's motions for trial, respondent has not yet filed a responsive pleading in this action. Thus, petitioner's motions asking the court to set this matter for trial are DENIED as PREMATURE.

Finally, the court turns to petitioner's motion to expedite. As it has done to date, the court plans to consider this case as expeditiously as possible, consistent with the court's docket. Thus, petitioner's motion is DENIED.

For the foregoing reasons, the court rules as follows:

(1) Petitioner's motion to amend (DE 8) is GRANTED;

(2) Petitioner's § 2254 claims challenging the validity of his first-degree murder conviction are DISMISSED without prejudice to allow petitioner to seek authorization from the Fourth Circuit Court of Appeals to file these second or successive claims. Petitioner, however, is ALLOWED to proceed with his challenge to prison officials' alleged refusal to consider him for the MAPP program or for minimum custody;

(3) Petitioner's motions for trial (DE 10, 12, 13, 14) are DENIED as PREMATURE;

(4) Petitioner's motion to expedite (DE 11) is DENIED;

(5) Petitioner's motion to file grievances (DE 6) is DENIED.

SO ORDERED, this 21st day of January, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge

4