IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2175-FL

| | |
|---|---|
| JOHN EDWARD BUTLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| DENNIS DANIELS, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on respondent's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 (DE 22). The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment.

## STATEMENT OF THE CASE

Petitioner is serving a term of life imprisonment for a North Carolina state first-degree murder conviction. State v. Butler, 331 N.C. 227, 415 S.E.2d 719 (1992). Petitioner subsequently appealed pursuant to N.C. Gen. Stat. § N.C. Gen. Stat. § 7A-27(a), and the Supreme Court of North Carolina found no error. Id. On December 28, 2011, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 attacking his state conviction and sentence. See Butler v. Smith, 5:01-HC-995-BO (E.D.N.C. Apr. 1, 2002). Judge Terrence W. Boyle subsequently dismissed petitioner's § 2254 petition as time-barred. (Id.)

On June 17, 2015, petitioner sent a letter to DPS officials inquiring into his eligibility for promotion to minimum custody and to participate in the North Carolina Mutual Agreement Parole

Program ("MAPP")–a program which allows inmates the opportunity to participate in community based programs for observation prior to release on parole.[1] (Resp't's Mem. Ex. 4). In response to petitioner's June 17, 2015, letter, the North Carolina Department of Public Safety ("DPS") Director, Cheryl Bell, informed petitioner that custody classification decisions are based upon a point system. (Id.) As for petitioner's eligibility to participate in the MAPP, Ms. Bell informed petitioner that the State of North Carolina's Post-Release Supervision and Parole Commission (the "Commission") evaluates eligibility for the MAPP when it reviews an inmate's case for the purposes of parole. (Id.) An inmate only will be considered for participation in the MAPP if there is a favorable parole investigation. (Id.) If an inmate is denied parole, he may not be considered for the MAPP. (Id.) Finally, Ms. Bell informed petitioner of the following criterion for consideration for participation in the MAPP:

    (1)    The inmate is in either medium or minimum custody;

    (2)    The inmate is not subject to a detainer or pending court action which may result in further confinement;

    (3)    The inmate has not had an infraction within 90 days;

    (4)    The inmate, if sentenced under the Fair Sentencing Act, is otherwise eligible for Community Service Parole under G.S. 15A-1380.2(h) or Emergency Powers Act Parole (270 Day Parole) under G.S. 148-4.1.

(Id.)

    On July 21, 2015, the Commission conducted a review of petitioner's case and denied petitioner parole. (Id. Ex. 5). The Commission provided petitioner the following statement of reasons:

---

[1] Participation in the MAPP is a mandatory step toward felony parole. See Hayden v. Keller, 134 F. Supp. 3d 1000, 1003 (E.D.N.C. Sept. 25, 2015).

> There is a substantial risk that you will not conform to reasonable conditions of parole.
>
> Your release at this time would unduly depreciate the seriousness of the crime or promote disrespect for the law.
>
> Your continued correctional programming in the institution will substantially enhance your capacity to lead a law-abiding life if released at a later date.
>
> There is a substantial risk that you would engage in further criminal conduct.

(Id.) The Commission additionally informed petitioner that his next parole review date would be May 21, 2017. (Id.)

On August 10, 2015, petitioner field a *pro se* petition for a writ of mandamus in the North Carolina Court of Appeals, seeking an order directing prison officials to recommend him for the MAPP program. (Id. Ex. 1). Also on August 10, 2015, petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his first-degree murder conviction. The court of appeals subsequently denied petitioner's mandamus petition on August 26, 2015. (Id. 3).

Petitioner then filed several motions in the instant action, including a motion requesting permission to file grievances, to be transferred to minimum custody, to be placed in the MAPP program, for a trial, and to expedite. On January 21, 2016, the court entered an order in which it construed petitioner's motion requesting minimum custody and placement in the MAPP as a motion to amend his petition to include these claims. The court allowed petitioner to proceed with his claims related to the MAPP and his promotion to minimum custody, but dismissed his challenge to his first-degree murder conviction as second or successive. The court also denied petitioner's motion to file a grievance and to expedite. Finally, the court denied petitioner's motions for a trial as premature.

3

On March 24, 2016, respondent filed a motion for summary judgment, arguing that petitioner's claims are without merit. The matter was fully briefed.

**DISCUSSION**

A.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

B.  Analysis

Beginning with petitioner's claim arising from prison officials' alleged refusal to consider him for the MAPP, "[t]here is no constitutional or inherent right of a convicted person to be [paroled] before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Even if a parole statute creates a liberty interest, an inmate is entitled to only "minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). The Fourth Circuit has held it is sufficient for the parole authorities to furnish the prisoner with a statement of reasons for the denial of parole. Id.; see also Wilson v. Mann, 5:08–CT–3053–BO, 2009 WL 9073078, at *2 (E.D.N.C. Aug. 25, 2009), aff'd, 361 F. App'x 496 (4th Cir. 2010). A

4

federal court must not involve itself in "the merits of either the state's parole statute or its individual parole decisions." Id.

Petitioner's most recent parole review occurred on July 21, 2015, and the record reflects that the Commission furnished petitioner with a statement of reasons for its decision. (Resp't's Mem. Ex. 5). Because a favorable parole determination is a prerequisite for participation in the MAPP, petitioner is not yet eligible for the program. (See Resp't's Mem. Ex. 4). To the extent petitioner questions the Commission's July 21, 2015, decision denying him parole, review of the Commission's individual parole decision is not within the parameters of this court's scope of review. See Vann, 73 F.3d at 522. Accordingly, respondent's motion for summary judgment is GRANTED as to this claim.

The court now turns to petitioner's claim that DPS official's refusal to promote him to minimum custody status violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. It is well established that an inmate does not possess a liberty interest arising from Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. See Wilkinson v. Austin, 545 U.S. 209, 221–222 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224–25 (1976). Rather, the custody classification of state prisoners within the state prison system is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Meachum, 427 U.S. at 225. Specifically, the Supreme Court has held, inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Moreover, as a medium custody inmate, petitioner's

5

custody classification has no effect on his eligibility to participate in the MAPP because the MAPP program is available to both minimum and medium custody inmates. (See Resp't's Mem. Ex. 4). Therefore, respondent's motion for summary judgment is GRANTED for this claim.

Finally, the court addresses the fact that petitioner made several new allegations in response to respondent's motion for summary judgment. Petitioner, however, has not requested leave of court to amend his petition pursuant to Federal Rule of Civil Procedure 15(a) to include any new claim. Because petitioner has not moved this court to amend his complaint pursuant to Rule 15(a) to include any new claims, the new claims are not properly before the court, and are DISMISSED without prejudice.[2] See United States v. Jones, No. 87-7313, 1988 WL 21257, at *1 (4th Cir. Mar. 9, 1988); Crump v. N.C. Dep't of Corr, No. 3:05CV325-02-MU, 2009 WL 2738459, at * 5 (W.D.N.C. Aug. 26, 2009).

C.  Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate

---

[2] The court notes that any proposed new claims alternatively are subject to dismissal without prejudice for failure to exhaust North Carolina State court remedies. See 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (stating that the exhaustion requirement compels a habeas petitioner to "invok[e] one complete round of the State's established appellate review process.").

6

reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

7

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 22) is GRANTED. The new allegations petitioner raised in response to respondent's motion for summary judgment are DISMISSED without prejudice. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this 27th day of October, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge